IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

UNITED STATES OF AMERICA,

v.  Criminal No. 3:18-CR-161

WALTER GRAVES,

    Defendant.

### MEMORANDUM OPINION

This matter is before the Court on DEFENDANT'S MOTION TO DISMISS the Indictment (ECF No. 15) (the "MOTION"). For the following reasons, the MOTION was denied by an ORDER entered on March 20, 2019 (ECF No. 24).

### BACKGROUND

Defendant Walter Graves ("Graves") is charged in a one-count indictment with a bank robbery that occurred on May 13, 2015 in Petersburg, Virginia. ECF No. 3. Because the factual background of the case is important to the disposition of the MOTION, the Court will lay it out in detail.[1]

The bank robbery at issue occurred in Petersburg on May 13, 2015 ("the bank robbery"). On May 15, 2015, Graves was arrested on two sets of state charges. He was charged by the City of Petersburg ("the Petersburg charges") with state offenses stemming from the

---

[1] This Opinion adopts the timeline as clarified by the parties at oral argument on March 19, 2019.

bank robbery: felony charges of robbery, grand larceny of more than $200 not from the person, possessing a firearm after a prior felony conviction, and use of a firearm during the commission of a felony; and misdemeanor charges of possessing a concealed weapon and brandishing a firearm. See ECF No. 15 at 1. He was also charged for entirely unrelated conduct in Sussex County ("the Sussex charges"): breaking and entering with intent; destruction of property; trespassing after being forbidden; and two counts of violating a protective order. Graves was held in Sussex County on all these charges.

Graves remained in custody in Sussex County. At some point on or before August 31, 2015, he was brought to Petersburg for resolution of the Petersburg charges. On August 31, 2015, Graves was acquitted of the misdemeanor Petersburg charges and the felony Petersburg charges were dismissed.[2] That same day, Graves returned to custody in Sussex County pending resolution of the Sussex charges.

The United States (hereinafter "the Government"), with the understanding that all of the Petersburg charges had been dismissed, then filed a criminal complaint in this Court ("the federal complaint") on September 10, 2015, charging Graves with the May 13, 2015 Petersburg bank robbery. See ECF Dkt. 3:15-mj-

---

[2] The judgment for the Petersburg charges appears to have been entered on September 4, 2015.

227. An arrest warrant was issued, but the Government did not take further action on the federal complaint because it was awaiting a resolution of the Sussex charges. Graves remained in custody in Sussex.

On March 9, 2016, Graves was tried on the Sussex charges and found guilty on all of them. On June 8, 2016, Graves was sentenced on the Sussex charges, receiving six years in the state penitentiary and 18 months in jail (it is not clear whether the sentences run consecutively). Graves is still serving the sentence on the Sussex charges and has a projected release date of September 13, 2021 on those charges.

The Government did not immediately learn that the Sussex charges had been resolved. Once it did, however, Graves was brought into federal custody on September 21, 2016 on the bank robbery charge in the federal complaint. The initial appearance on that charge was held on September 22, 2016, and Graves was ordered detained pending trial. At some point thereafter, the Government learned that Graves had been acquitted on some of the Petersburg charges related to the bank robbery (rather than having them all dismissed as it believed to have been the case).

That circumstance triggered the internal so-called "Petite Policy" of the Department of Justice. The Petite Policy "prohibits a federal prosecution based on the same acts or transactions involved in a prior state prosecution," unless the Attorney General

of the United States approves. ECF No. 19 at 4-5. As a result of the Petite Policy, the Government "had no choice but to dismiss its felony robbery charge," ECF No. 19 at 2, and the Court granted the Government's MOTION TO DISMISS the federal complaint on October 4, 2016. Thus, at this point, there were no pending federal charges. Graves, of course, remained incarcerated by Virginia on the Sussex charges.

After October 4, 2016, the Government sought and obtained from the Attorney General a waiver of the Petite Policy. That process began around January 2017, at which time the Government decided to pursue a waiver of the Petite Policy. Around April of 2018, the Assistant United States Attorney assigned to the case circulated a draft waiver proposal internally to his office; a final draft of the waiver proposal was approved by that office and sent to the Department of Justice for final approval in August 2018. The waiver was granted by the Department of Justice on September 14, 2018.

Thereafter, on December 18, 2018, Graves was indicted for the bank robbery. On January 29, 2019, Graves was arrested from state custody and had his initial appearance on that indictment. Graves was arraigned on February 1, 2019.[3]

---

[3] It is important to recall that Graves has been incarcerated, on the state charges, for the entire period from May 15, 2015 to the present.

4

Graves now moves to dismiss the indictment. ECF No. 15. The parties have briefed the MOTION,[4] and the Court heard oral argument on March 19, 2019.

**DISCUSSION**

Graves raises two arguments in support of the MOTION. First, he argues that the Double Jeopardy Clause of the United States Constitution bars this federal prosecution. Second, he argues that the lengthy delay in prosecuting this case warrants dismissal under Fed. R. Crim. P. 48(b). The Government opposes the MOTION on both grounds. For the reasons set forth below, the Court rejects both of Graves' arguments and denies the MOTION.

### A. Double Jeopardy

Graves first argues that the Double Jeopardy Clause of the United States Constitution, U.S. Const. amend. V, prevents this federal prosecution because he was acquitted on some of the Petersburg charges stemming from the 2015 bank robbery. However, as Graves candidly acknowledges, under current Supreme Court precedent, this prosecution is constitutionally permissible because Virginia and the United States are separate sovereigns. Puerto Rico v. Sanchez Valle, 136 S. Ct. 1863, 1870 (2016); Heath v. Alabama, 474 U.S. 82, 88-89 (1985).

---

[4] Graves did not file a reply brief.

Graves raises this argument to preserve it in light of <u>Gamble v. United States</u>, No. 17-646 (U.S. argued Dec. 6, 2018), which squarely raised the issue of whether the "separate sovereigns" doctrine should be overruled. The Supreme Court has not yet issued an opinion in <u>Gamble</u>.

Accordingly, because the relief Graves seeks is unavailable under current law, the Court rejects Graves' argument on Double Jeopardy. The MOTION is denied on this ground.

### B. Fed. R. Crim. P. 48(b)

Graves next argues that the indictment should be dismissed under Fed. R. Crim. P. 48(b) (the "Rule"), which provides:

> The Court may dismiss an indictment. . .if unnecessary delay occurs in: (1) presenting a charge to a grand jury; (2) filing an information against a defendant; or (3) bringing a defendant to trial.

He argues that the Court's "authority under this rule is 'broader in compass' than its obligation to dismiss indictments to protect a defendant's constitutional rights under the Fifth or Sixth Amendment." ECF No. 15 at 4 (quoting <u>United States v. Balochi</u>, 527 F.2d 562, 563-64 (4th Cir. 1976)). Accordingly, he argues, the Court should dismiss the indictment because of various periods of delay in Graves' federal prosecution. In response, the Government argues that Rule 48(b) only applies post-arrest, that any delays in this case were not purposeful or oppressive, and that Graves has failed to show any prejudice.

The Fourth Circuit has held that, in considering a Rule 48(b) motion, courts should consider the following:

> Four criteria are relevant in weighing a defendant's constitutional right to a speedy trial and in consideration of a Rule 48(b), Fed. R. Crim. Pro., motion to dismiss. These criteria are: (1) the length of the delay; (2) the reason for the delay; (3) defendant's assertion of his right to a speedy trial; and (4) the prejudice, if any, the defendant suffered by the delay.

United States v. Becker, 585 F.2d 703, 708 (4th Cir. 1978) (citing Barker v. Wingo, 407 U.S. 514, 530 (1972)); United States v. Carbarcas-A, 968 F.2d 1212, *3 (4th Cir. 1992) (unpublished table decision). Prejudice is to be

> assessed in the light of the interests of defendants which the speedy trial right was designed to protect. This Court has identified three such interests: (i) to prevent oppressive pretrial incarceration; (ii) to minimize anxiety and concern of the accused; and (iii) to limit the possibility that the defense will be impaired.

Barker, 407 U.S. at 532; see also United States v. Goodson, 204 F.3d 508, 515-16 (4th Cir. 2000) (describing these three factors as the reasons the criminal justice system prohibits "unnecessary delay").

The Court will deal with each of the Becker factors in turn. Because the factors all militate against (or are neutral towards) Graves' MOTION, it will be denied.

7

### (1) Length of Delay

Rule 48(b) only applies to "post-arrest" delays. United States v. Lovasco, 431 U.S. 783, 788-89 n.8 (1977); United States v. Marion, 404 U.S. 307, 319 (1971); United States v. Daniels, 698 F.2d 221, 223-24 (4th Cir. 1983). Arrest requires that "a person's liberty is restrained for the purpose of answering to a federal charge." United States v. Burgess, 684 F.3d 445, 451 (4th Cir. 2012) (interpreting Speedy Trial Act).

Although Graves has been in custody since shortly after the robbery in May 2015, only a limited portion of that time is attributable to an "arrest" for "answering to a federal charge." Id. Graves was in federal custody on the original federal complaint for the brief period from September 21, 2016 until the federal complaint was dismissed on October 4, 2016. And, he has been in federal custody pursuant to the instant indictment from January 29, 2019 to the present. Neither of these post-arrest periods can remotely be described as "unnecessary" as Rule 48(b) requires. The "length of delay" factor cuts against Graves' MOTION.

### (2) Reason for the Delay

Graves argues that the lengthy delay[5] in seeking and receiving a waiver of the Petite Policy and bringing this case should be closely scrutinized. This argument must be rejected.

First, as set out above, the period of time in which the Government sought waiver of the Petite Policy is not post-arrest delay and thus does not count as a delay for Rule 48(b) purposes. Second, even assuming that it was a post-arrest delay (which this is not), there is no evidence that the Government sought to harm Graves by any such delay. See Barker, 407 U.S. at 531 ("A deliberate attempt to delay the trial in order to hamper the defense should be weighted heavily against the government."). Rather, as the Government presented at the oral argument, it did not receive a Petite Policy waiver in this case until September 2018. That delay was due to internal deliberations, other case priorities, and internal approval processes. There is no evidence that the Government sought to hamper the defense. Thus, even assuming that there was a relevant delay in this case, the Court is satisfied that, on the facts of this case on which Graves was serving a lengthy state sentence (and still is), the Government's process of obtaining the Petite Policy waiver does not constitute

---

[5] This period appears to run from the dismissal of the federal complaint on October 4, 2016 to the indictment on the current charge on December 18, 2018.

an inappropriate or impermissible delay. This factor cuts against Graves as well.

**(3) Defendant's Assertion of his Speedy Trial Right**

This factor has not been raised or discussed by the parties, and it is not clear its relevance in this case. The Court will therefore assign it neutral weight.[6]

**(4) Prejudice to the Defendant**

As set forth above, prejudice is to be assessed in light of the following factors: (1) preventing oppressive pretrial incarceration; (2) minimizing anxiety and concern of the accused; and (3) limitng the possibility that the defense will be impaired. See Barker, 407 U.S. at 532; United States v. Goodson, 204 F.3d at 515-16. At oral argument, counsel for Graves acknowledged that, as far as he could tell, Graves had not suffered prejudice.

Reviewing the factors above, it is clear that there has been no prejudice in this case. First, although Graves has been incarcerated since May 2015, almost all of that time was (and is) on account of the state charges in Petersburg and Sussex (and Graves' conviction on the Sussex charges). At bottom, there is no

---

[6] In June and July 2016, Graves did send two letters to this Court's Clerk. See ECF Dkt. 3:15-mj-227, Nos. 3 and 4. In ECF No. 3, Graves stated (wrongly) that he had no federal charges against him. In ECF No. 4, Graves stated that he could not face federal charges because of Double Jeopardy. Neither letter asserts a speedy trial right.

excessive pretrial incarceration on the federal charges, and counsel for Graves rightly conceded that.

Second, there is no evidence of anxiety or concern on Graves' part. Indeed, counsel for Graves stated that Graves believed, after the federal complaint was dismissed in 2016, that he no longer would face charges related to the 2015 bank robbery. This admission belies Graves having anxiety or concern; rather, he was relieved, thinking that the bank robbery charges were gone. Simply put, after October 2016, Graves was not "living under a cloud of anxiety[] [or] suspicion." Barker, 407 U.S. at 533. This factor cuts against Graves.

Lastly, there is no evidence that any supposed delay has limited Graves' ability to defend himself. Graves has offered no evidence that his defense has been adversely affected in any way. And, counsel for Graves acknowledged that, to his knowledge, no witnesses had died or other evidence been lost. See Goodson, 204 F.3d at 515-16. Graves has made no showing that his defense in this case has in any way been hampered by the passage of time.

In sum, Graves has not demonstrated prejudice.

### (5) Conclusion as to Rule 48(b)

Having considered the parties' arguments and the available record, it is clear that there has been no "unnecessary delay" in bringing the current indictment against Graves. The Government took time to receive a waiver of the Petite Policy in order to

11

bring this prosecution, but Graves has not shown that any delay during this period prejudiced him in any way nor that the Government was engaging in some sort of tactical delay to harm him.

## CONCLUSION

For the reasons set forth above, the DEFENDANT'S MOTION TO DISMISS the Indictment (ECF No. 15) was denied by an ORDER entered on March 20, 2019 (ECF No. 24).

It is so ORDERED.

/s/ REP
Robert E. Payne
Senior United States District Judge

Richmond, Virginia
Date: March 26, 2019